# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

May 17, 2005

TO INVOLVED COUNSEL

Re: MDL-1596 -- In re Zyprexa Products Liability Litigation

(See Attached Schedule CTO-23)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** __June 1, 2005__ (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By /s/ Mecca S. Carter
Mecca S. Carter
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 17 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 1596

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-23)

On April 14, 2004, the Panel transferred six civil actions to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 120 additional actions have been transferred to the Eastern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Jack B. Weinstein.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of New York and assigned to Judge Weinstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of April 14, 2004, 314 F.Supp.2d 1380 (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable Jack B. Weinstein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of New York. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-23 - TAG-ALONG ACTIONS
## DOCKET NO. 1596
## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA NORTHERN** | |
| ALN 2  05-877 | Gloria Faye Miller v. Eli Lilly & Co. |
| **LOUISIANA WESTERN** | |
| LAW 5  05-688 | Franklin Dee Allen, Jr. v. Eli Lilly & Co. |
| **OHIO NORTHERN** | |
| OHN 1  05-1123 | Michael Robertson v. Eli Lilly & Co. |
| **OHIO SOUTHERN** | |
| OHS 1  05-298 | Kevin M. Grove v. Eli Lilly & Co. |
| OHS 2  05-430 | Craig Bailey v. Eli Lilly & Co. |
| **TENNESSEE WESTERN** | |
| TNW 2  05-2291 | William Berresheim, et al. v. Eli Lilly & Co. |

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4: CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

# INVOLVED COUNSEL LIST (CTO-23)
## DOCKET NO. 1596
## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

Samuel J. Abate, Jr.
McCarter & English, L.L.P.
245 Park Avenue, 27th Floor
New York, NY 10167

Andrew Agati
Squire, Sanders & Dempsey, L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304

Patrick M. Ardis
Wolff, Ardis, P.C.
5810 Shelby Oaks Drive
Memphis, TN 38134-7341

Jon Paul Sawyer
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Christopher A. Seeger
Seeger Weiss, LLP
One William Street
10th Floor
New York, NY 10004-2502

J. Callen Sparrow
Garrison Scott, PC
2224 First Avenue North
Birmingham, AL 35203

Jill M. Steinberg
Baker, Donelson, Bearman, Caldwell & Berkowtiz
First Tennessee Bank Building
165 Madison Avenue
20th Floor
Memphis, TN 38103

Brent A. Talbot
Chaffe, McCall, Phillips, Toler & Sarpy
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

David G. Tyler
Tyler & Johnson
1717 Marshall Street
Shreveport, LA 71101-4139

Robin G. Weaver
Squire, Sanders & Dempsey, L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304