**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **LATOFIA CRIMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2:05-cv-01047** |
| | ) | |
| **ELI LILLY AND COMPANY; and** | ) | |
| **YOLANDA BROWN, Sales** | ) | |
| **Representative, and FICTITIOUS** | ) | |
| **DEFENDANTS A, B, C, D, E, and F,** | ) | **JURY TRIAL DEMANDED** |
| **being those persons, sales representatives,** | ) | |
| **firms or corporations, whose fraud,** | ) | |
| **scheme to defraud, negligence, and/or** | ) | |
| **other wrongful conduct caused or** | ) | |
| **contributed to the Plaintiff's injuries and** | ) | |
| **damages, and whose true names and** | ) | |
| **identities are presently unknown to the** | ) | |
| **Plaintiff but will be substituted by** | ) | |
| **amendment when ascertained,** | ) | |
| | ) | |
| **Defendants.** | | |

**ANSWER OF CO-DEFENDANT YOLANDA MCCAIN**
**TO PLAINTIFF'S COMPLAINT**

Defendant Yolanda McCain, incorrectly identified in plaintiff's Complaint as

Yolanda Brown ("Ms. McCain"), by her counsel, hereby responds to plaintiff's Complaint as

follows:

**STATEMENT OF FACTS**

1.      Ms. McCain is without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2.      Ms. McCain is without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint.  By

way of further response, to the extent the allegations contained in Paragraph 2 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

3.      Ms. McCain denies the allegations contained in Paragraph 3 of the Complaint, except admits that (i) Yolanda McCain, who has been previously known as "Yolanda Brown" is employed as a sales representative by Eli Lilly and Company; (ii) Ms. McCain is a resident of the state of Alabama; and (iii) Ms. McCain provides approved information to physicians about certain prescription medicines sold by Lilly including Zyprexa®.

4.      Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.      Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.   By way of further response, to the extent the allegations contained in Paragraph 5 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

6.      Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 6 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

7.      Ms. McCain denies the allegations contained in Paragraph 7 of the Complaint.

8.     Ms. McCain denies the allegations contained in Paragraph 8 of the Complaint.

9.     Ms. McCain denies the allegations contained in Paragraph 9 of the Complaint.

10.    Ms. McCain denies the allegations contained in Paragraph 10 of the Complaint, except admits that (i) Zyprexa® is approved by the FDA for the "treatment of schizophrenia," "the treatment of acute mixed or manic episodes associated with Bipolar I disorder" and maintenance monotherapy for bipolar disorder; (ii) Zyprexa® with Lithium or Valproate, is indicated, in combination, for the short-term treatment of acute manic episodes associated with Bipolar I disorder; and (iii) Zyprexa® is a psychotropic agent that belongs in the thienobenzodiazepine class of medications also known as "atypical antipsychotics."

11.    Ms. McCain denies the allegations contained in Paragraph 11 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 11 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

12.    Ms. McCain denies the allegations contained in Paragraph 12 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 12 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

13.    Ms. McCain denies the allegations contained in Paragraph 13 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 13 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

14.    Ms. McCain denies the allegations contained in Paragraph 14 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 14 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

15.    Ms. McCain denies the allegations contained in Paragraph 15 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 15 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

16.    Ms. McCain denies the allegations contained in Paragraph 16 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 16 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

17.    Ms. McCain is without knowledge as to plaintiff's meaning of the term "total profits," and therefore denies the allegations contained in Paragraph 17 of the Complaint.

18.    Ms. McCain denies the allegations contained in Paragraph 18 of the Complaint.

19.    Ms. McCain denies the allegations contained in Paragraph 19 of the Complaint.

20.    Ms. McCain denies the allegations contained in Paragraph 20 of the Complaint.

21.    Ms. McCain denies the allegations contained in Paragraph 21 of the Complaint.

## <u>ANSWERING COUNT I</u>
## (STRICT LIABILITY IN TORT, FAILURE TO WARN)

22.     Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

23.     Ms. McCain denies the allegations contained in Paragraph 23 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 23 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

24.     Ms. McCain denies the allegations contained in Paragraph 24 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 24 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

25.     Ms. McCain denies the allegations contained in Paragraph 25 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 25 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

26.     Ms. McCain denies the allegations contained in Paragraph 26 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 26 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

27.     Ms. McCain denies the allegations contained in Paragraph 27 of the Complaint, except is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint relating to the plaintiff.

28.     Ms. McCain denies the allegations contained in Paragraph 28 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 28 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

29.     Ms. McCain denies the allegations contained in Paragraph 29 of the Complaint.

## ANSWERING COUNT II
### (ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE)

30.     Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

31.     Ms. McCain denies the allegations contained in Paragraph 31 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 31 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

32.     Ms. McCain denies the allegations contained in Paragraph 32 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 32 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

33.     Ms. McCain denies the allegations contained in Paragraph 33 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 33 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

34.     Ms. McCain denies the allegations contained in Paragraph 34 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 34

of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

## ANSWERING COUNT III
### (NEGLIGENCE)

35.    Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

36.    Ms. McCain denies the allegations contained in Paragraph 36 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 36 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

37.    Ms. McCain denies the allegations contained in Paragraph 37 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 37 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

38.    Ms. McCain denies the allegations contained in Paragraph 38 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 38 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

39.    Ms. McCain denies the allegations contained in Paragraph 39 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 39 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

40.    Ms. McCain denies the allegations contained in Paragraph 40 of the Complaint. By way of further response, to the extent the allegations contained in Paragraph 40

of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

## ANSWERING COUNT IV
### (BREACH OF IMPLIED WARRANTY)

41.    Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

42.    Ms. McCain denies the allegations contained in Paragraph 42 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 42 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

43.    Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

44.    Ms. McCain denies the allegations contained in Paragraph 44 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 44 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

45.    Ms. McCain denies the allegations contained in Paragraph 45 of the Complaint.

## ANSWERING COUNT V
### (BREACH OF EXPRESS WARRANTY)

46.    Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

47.    Ms. McCain denies the allegations contained in Paragraph 47 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 47

of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

48.     Ms. McCain denies the allegations contained in Paragraph 48 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 48 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

49.     Ms. McCain denies the allegations contained in Paragraph 49 of the Complaint, except Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 relating to plaintiff and her physicians.  By way of further response, to the extent the allegations contained in Paragraph 49 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

50.     Ms. McCain denies the allegations contained in Paragraph 50 of the Complaint.

### ANSWERING COUNT VI
### (FRAUD)

51.     Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

52.     Ms. McCain denies the allegations contained in Paragraph 52 of the Complaint.

53.     Ms. McCain denies the allegations contained in Paragraph 53 of the Complaint.

54.     Ms. McCain denies the allegations contained in Paragraph 54 of the Complaint.

55.     Ms. McCain denies the allegations contained in Paragraph 55 of the Complaint, except Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 relating to plaintiff and her physicians.

56.     Ms. McCain denies the allegations contained in Paragraph 56 of the Complaint.

57.     Ms. McCain denies the allegations contained in Paragraph 57 of the Complaint.

## ANSWERING COUNT VII
### (NEGLIGENT MISREPRESENTATION)

58.     Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

59.     Ms. McCain denies the allegations contained in Paragraph 59 of the Complaint.  By way of further response, to the extent the allegations contained in Paragraph 59 of the Complaint are directed at parties other than this answering Defendant, she refers to the responses of those parties.

60.     Ms. McCain denies the allegations contained in Paragraph 60 of the Complaint.

61.     Ms. McCain denies the allegations contained in Paragraph 61 of the Complaint, except Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 relating to plaintiff and her physicians.

62.     Ms. McCain denies the allegations contained in Paragraph 62 of the Complaint.

-10-

63.    Ms. McCain denies the allegations contained in Paragraph 63 of the Complaint.

64.    Ms. McCain denies the allegations contained in Paragraph 64 of the Complaint.

65.    Ms. McCain denies the allegations contained in Paragraph 65 of the Complaint.

66.    Ms. McCain denies the allegations contained in Paragraph 66 of the Complaint, except Ms. McCain is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 relating to plaintiff and her physicians.

67.    Ms. McCain denies the allegations contained in Paragraph 67 of the Complaint.

## ANSWERING COUNT VIII
### (FRAUD BY CONCEALMENT)

68.    Ms. McCain incorporates by reference, as though fully set forth herein, her answer to each and every allegation contained in each Paragraph of the Complaint.

69.    Ms. McCain denies the allegations contained in Paragraph 69 of the Complaint.

70.    Ms. McCain denies the allegations contained in Paragraph 70 of the Complaint.

71.    Ms. McCain denies the allegations contained in Paragraph 71 of the Complaint.

72.    Ms. McCain denies the allegations contained in Paragraph 72 of the Complaint, except Ms. McCain is without sufficient knowledge or information to form a belief

as to the truth or falsity of the allegations contained in Paragraph 72 relating to plaintiff and her physicians.

73.    Ms. McCain denies the allegations contained in Paragraph 73 of the Complaint.

74.    Ms. McCain denies the allegations contained in Paragraph 74 of the Complaint.

WHEREFORE, Ms. McCain requests that plaintiff's Complaint for Damages and Jury Demand, and all claims alleged therein, be dismissed with prejudice, that Ms. McCain be awarded her costs, disbursements, and attorney's fees incurred in the defense of this action, and that Ms. McCain be granted any other relief to which she may be entitled.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Ms. McCain.

## SECOND AFFIRMATIVE DEFENSE

Discovery may show that plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statutes of repose, the doctrine of laches and/or as a result of the failure to allege and/or comply with conditions precedent to applicable periods of limitations and repose.

## THIRD AFFIRMATIVE DEFENSE

Venue is improper in this judicial district.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, plaintiff's prescribing physicians were

in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa®.

## FIFTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of the plaintiff and/or others, over whom Ms. McCain exercised no control, had no opportunity to anticipate or right to control, and with whom Ms. McCain had no legal relationship by which liability could be attributed to her because of the actions of the plaintiff and/or others.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by plaintiff's failure to exercise reasonable care and diligence to mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all damages alleged in the Complaint may have been caused by misuse of the product, failure to use the product properly, or negligent use of the product, and therefore the risk was assumed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law in that Zyprexa® was manufactured and labeled in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

## NINTH AFFIRMATIVE DEFENSE

Any negligent conduct of Ms. McCain, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of the injuries alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering any damages by virtue of the fact that there was no practical or technical feasible alternative design or formulation that would have prevented the harm alleged by the plaintiff without substantially impairing the usefulness or intended purpose of the product.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or barred by the Restatement (Third) of Torts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Ms. McCain is not a seller; the plaintiff failed to give timely notice of any alleged breach of warranty to Ms. McCain; plaintiff did not reasonably rely upon any alleged warranty; plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution, the Alabama Constitution and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and/or Article I, Section 4 of the Constitution of the State of Alabama because Ms. McCain's commercial speech regarding Zyprexa® was neither false nor misleading.

## FOURTEENTH AFFIRMATIVE DEFENSE

Ms. McCain alleges that plaintiff was fully informed of the risks of the use of the product made the subject of this action by the treating physician, and the informed consent given by the plaintiff is pleaded as an affirmative defense.

## FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff had full knowledge, or in the exercise of reasonable diligence would have had, of the risks and possible adverse effects pertaining to the use of the subject product, as well as the risks relative to the administering of the subject product into plaintiff's person, and all or part of the alleged injuries, damages and/or losses (if any) sustained by the plaintiff, arose from and were caused by risks of which the plaintiff was so aware, and such risks were accepted and assumed by the plaintiff.  For these reasons, any recovery against Ms. McCain should be diminished, reduced, offset, or barred in accordance with the principles of assumption of the risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

All products in any way connected with Ms. McCain are defect-free and not unreasonably dangerous.  Such products fully comply with the products liability standard of Alabama.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions of the plaintiff, by an idiosyncratic reaction, operation of nature, or act of God, for which Ms. McCain is not responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims for punitive damages are barred by § 6-11-27 and §6-11-20 of the Alabama Code.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    Procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)      The award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)      The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## TWENTIETH AFFIRMATIVE DEFENSE

With respect to plaintiff's demand for punitive or exemplary damages, Ms. McCain specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Punitive damage awards in Alabama are unconstitutional because they are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; therefore, plaintiff cannot recover punitive damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of the due process and equal protection provisions of both the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6, and 22 of the Constitution of Alabama; therefore, plaintiff cannot recover punitive damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

All or some of the plaintiff's medical expenses have been paid by the plaintiff's medical insurance carrier, or some other form of insurance, and the plaintiff is not entitled to recover said medical expenses pursuant to § 6-5-522 of the Alabama Code.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Ms. McCain affirmative pleads and avers the protections afforded her by § 6-11-21 of the Alabama Code.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the Food and Drug Administration of the United States Department of Health and Human Services ("FDA") is charged under the

law with regulating prescription drugs, including Zyprexa®, and is specifically charged with determining the content of the warnings and labeling for prescription drugs.  The granting of the relief prayed for in the plaintiff's Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Ms. McCain must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's purported allegations of misrepresentation and fraud do not comply with Rule 9(b) of either the Federal Rules of Civil Procedure or the Alabama Rules of Civil Procedure, in that they fail to state a cause of action as a matter of law because, among other deficiencies, plaintiff fails to plead with specificity any false misrepresentation as to a material fact and/or reliance on the part of plaintiff upon any such material fact.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Ms. McCain is neither a manufacturer nor seller of Zyprexa®, and therefore she cannot be held liable under the Alabama Extended Manufacturer's Liability Doctrine.

## THIRTIETH AFFIRMATIVE DEFENSE

This action must be dismissed for insufficiency of service of process or defect in service of process.

Ms. McCain hereby gives notice that she intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

WHEREFORE, Ms. McCain requests that plaintiff's Complaint for Damages and Jury Demand, and all claims alleged therein, be dismissed with prejudice, that Ms. McCain be awarded her costs, disbursements, and attorney's fees incurred in the defense of this action, and that she be granted any other relief to which she may be entitled.

## <u>DEMAND FOR TRIAL BY JURY</u>

Defendant demands trial by Jury for all issues in this action.

       s/ Alan D. Mathis
       James C. Barton, Jr.
       Bar Number:   ASB-0237-B51J
       Email: jbartonjr@jbpp.com

       Alan D. Mathis
       Bar Number:   ASB-8922-A59M
       Email: adm@jbpp.com

       Johnston Barton Proctor & Powell LLP
       2900 AmSouth/Harbert Plaza
       1901 Sixth Avenue North
       Birmingham, Alabama  35203

       Attorneys for defendant
       Yolanda McCain

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on March 30, 2006, using the CM/ECF system, which will send notification of such filing to the following:

> E. Frank Woodson
> Beasley, Allen, Crow, Methvin,
> Portis & Miles, P.C.
> P.O. Box 4160
> Montgomery, Alabama 36104
> (334)269-2343

> s/ Alan D. Mathis
> Of Counsel

W0548776.DOC